# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

September 12, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DAVID JAMES,**
**Claimant Below, Petitioner**

**vs.)   No. 15-0855** (BOR Appeal No. 2050224)
              (Claim No. 2014005534)

**WEST VIRGINIA DIVISION OF NATURAL RESOURCES,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner David James, by Robert L. Stultz, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Division of Natural Resources, by Lisa Warner Hunter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 6, 2015, in which the Board affirmed, in part, and reversed, in part, the February 3, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's November 12, 2013, decision rejecting the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. James has worked as a police officer for the West Virginia Division of Natural Resources since 1997. He was first injured on August 22, 2011, when he was moving ammunition.[1] He was diagnosed with a moderate central disc herniation at L4-5 and a moderate left paracentral disc herniation at L5-S1. He was treated conservatively with physical therapy and injections and continued to work with no restrictions. He occasionally had flare-ups of pain, mostly in the center of his back and down to his knees.

---

[1] The August 22, 2011, injury was deemed compensable.  The record before us did not include any information regarding the benefits Mr. James received as a result of that injury.

1

On August 14, 2013, Mr. James was participating in a training exercise. He was a passenger in a boat that was performing tactical maneuvers on the Kanawha River. The boat hit a large wave, jarring Mr. James. He immediately noticed pain in his back. Although the pain increased during the rest of the day, he thought it would get better by taking medication and resting, so he did not seek medical treatment. After the pain continued to increase over the next two days of training, he sought treatment at the emergency room on August 16, 2013. Mr. James was examined by Allison Tadros, M.D., for complaints of back pain on the left side radiating to the left leg with tingling in his left foot. He informed Dr. Tadros his left leg had been hurting for the past two days and the pain was getting worse. He also informed Dr. Tadros he had previously been diagnosed with a lumbar disc herniation. Dr. Tadros diagnosed back pain.

On August 17, 2013, Mr. James was treated at Ruby Memorial Hospital's emergency room by Aaron Thomas, M.D. Mr. James provided a history of sciatica secondary to herniated lumbar discs with increasing pain for two days and numbness and tingling in his left foot. Dr. Thomas diagnosed sciatica. He discharged him with medications and a referral to the neurosurgeon.

On August 19, 2013, Mr. James was treated by Virgil McMillion, D.O. Dr. McMillion noted that Mr. James was doing tactical boat training the prior week and injured his back. He presented with tightness, pain, and acute immobility of the low back and left leg. He was not able to lift his left leg more than two feet off of the ground. Dr. McMillion noted the history of the injury to his back two years ago that was work-related. Dr. McMillion noted Mr. James believed this injury was different than the previous injury because of the severity of the lumbar and left leg pain. Dr. McMillion diagnosed low back pain radiating to the left leg and lumbosacral neuritis. He ordered an MRI, suggested physical therapy, and prescribed medication.

Due to the continued pain, Mr. James returned to Ruby Memorial Hospital's emergency room later in the day on August 19, 2013, where he was treated by Debra Jo Paulson, M.D. Mr. James reported back pain, left leg and foot pain, and numbness of the left foot. She noted the history of herniated disc. Dr. Paulson diagnosed low back pain with radicular symptoms. She admitted Mr. James to the hospital due to the inability to adequately manage the pain with medications at home.

On August 20, 2013, after being admitted to the hospital, Mr. James was evaluated by Nathan Lerfald, M.D. Mr. James continued to have pain with numbness and weakness in his left leg. Dr. Lerfald noted Mr. James had been pain free for approximately three to four months after two years of conservative treatment. Mr. James reported having more pain than he had ever had in the past and that the pain was the worst it had ever been. An MRI revealed a large left disc extrusion at L5-S1 with nerve impingement and a small central disc extrusion at L4-5.

David Cohen, M.D., evaluated Mr. James on August 21, 2013. He diagnosed low back and left leg pain with an L5 radiculopathy and weakness. He believed Mr. James would benefit from a left L5-S1 microlumbar discectomy, which he performed on August 22, 2013. He opined

2

the pre-operative and post-operative diagnoses were left L5-S1 herniated nucleus pulposus. Mr. James had a good surgical result and was discharged from the hospital on August 23, 2013.

On September 16, 2013, Dr. Cohen completed the physician section of the employees' and physicians' report of occupational injury or disease. He diagnosed herniated nucleus pulposus at L5-S1 on the left side. He did not check any box in response to the question asking what the condition was a direct result of, and he checked "no" in response to the question asking if this was an aggravation of a prior injury.

Dr. Tadros completed the physician section of the employees' and physicians' report of occupational injury or disease on October 8, 2013. In response to the question asking what the condition was a direct result of, she noted it was unclear. In response to the description of the injury, she noted Mr. James did not have an acute injury at the time of examination on August 16, 2013. She did not check any box in response to the question asking if this was an aggravation of a prior injury.

On November 12, 2013, the claims administrator rejected the claim because the medical records documented a pre-existing disc herniation with no new injury. The Office of Judges' February 3, 2015, Order, reversed the claims administrator's decision and found Mr. James sustained an injury on August 14, 2013, with a compensable diagnosis of herniated nucleus pulposus. It determined that the herniation at L5-S1 had worsened based on the MRI results. Additionally, the evidence showed that Mr. James had not been having any significant symptoms until the August 14, 2013, event. It determined that a preponderance of the evidence showed that the boating event caused the herniation to worsen to the point of needing surgery. Therefore, the Office of Judges found the boating incident was an injury resulting in a compensable diagnosis of herniated nucleus pulposus.

The Board of Review adopted the Office of Judges' findings of fact and agreed with its analysis and conclusions regarding compensability. It found Mr. James sustained a work injury on August 14, 2013, and agreed with that part of the Office of Judges' Order. However, the Board of Review found that additional evidence was needed in order to determine the compensable diagnosis for the August 14, 2013, injury. It found the Office of Judges determined the August 14, 2013, injury worsened the disc herniation that Mr. James had been diagnosed with following his August 22, 2011, injury. It further found that the medical reports of Dr. Cohen and Dr. Tadros raised questions regarding the appropriate compensable diagnosis. Therefore, the Board of Review reversed the part of Office of Judges' Order that found the claim compensable for a herniated nucleus pulposus. It remanded the claim to the Office of Judges for the entry of a time frame Order to allow for further development of the medical evidence.

After review, we agree with the decision of the Board of Review. Based on *Gill v. City of Charleston*, No. 14-0983, at *11 (Feb. 10, 2016), a new injury occurred as a result of the August 14, 2013, boat incident. The compensable condition that resulted from that injury may be a herniated nucleus polposus, as determined by the Office of Judges. But, due to Mr. James's prior diagnosis of a herniated disc and the questions raised by the medical reports, additional evidence is needed regarding the compensable condition that resulted from the August 14, 2013, injury.

3

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: September 12, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

Justice Brent D. Benjamin, Not Participating

4